PER CURIAM.
In its order enforcing the parties’ handwritten settlement agreement, the trial court held that the agreement incorporated the promissory note modification. Under the attorney’s fee provision contained in that note, Mikesue, Inc. is entitled to recover attorney’s fees it incurred in enforcing the settlement agreement. We reverse the order denying attorney’s fees and remand to the trial court for the determination of a reasonable fee for that portion of the case.
We affirm the trial court’s denial of attorney’s fees, insofar as the order pertained to the claim for indemnity for charges relating to the leased van. Under the 1994 indemnity agreement, Mikesue did not “commence an action” arising out of the agreement so that its entitlement to attorney’s fees was triggered. Instead, it raised the indemnity issue for the first time in the motion to enforce the settlement agreement. An action is commenced by the filing of a complaint or petition. See Fla. R. Civ. P. 1.050. We also affirm the order denying "appellee DSR Group, Inc.’s claim for fees under section . 57.105(1), Florida Statutes (1995).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
POLEN, PARIENTE and GROSS, JJ., concur.